# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
### No. 20-1860V
(not to be published)

| | |
|---|---|
| JARED STERN,<br><br>  Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>  Respondent. | Chief Special Master Corcoran<br><br>Filed: May 26, 2023<br><br>Special Processing Unit (SPU);<br>Attorney's Fees and Costs |

*Edward M. Kraus*, Law Offices of Chicago Kent, Chicago, IL, for Petitioner.

*Mitchell Jones*, U.S. Department of Justice, Washington, DC, for Respondent.

## DECISION ON ATTORNEY'S FEES AND COSTS[1]

On December 15, 2020, Jared Stern filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that he suffered a shoulder injury related to vaccine administration caused by an influenza vaccine administered on October 21, 2018. Petition at 1. On Jan. 9, 2023, I issued a decision awarding compensation to Petitioner based on the parties' stipulation. ECF No. 34.

Petitioner has now filed a motion for attorney's fees and costs, requesting an award of $20,819.34 (representing $20,265.80 for attorney's fees and $553.54 for attorney's costs). Petitioner's Application for Attorney's Fees and Costs ("Motion") filed Apr. 13,

---

[1] In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

2023, ECF No. 39. In accordance with General Order No. 9, counsel for Petitioner represents that Petitioner incurred no out-of-pocket expenses. Id. at 1.

Respondent reacted to the motion on Apr. 14, 2023, indicating that he is satisfied that the statutory requirements for an award of attorney's fees and costs are met in this case, but deferring resolution of the amount to be awarded to my discretion. Respondent's Response to Motion at 2-3, 3 n.2, ECF No. 40. Petitioner did not file a reply thereafter.

The rates requested for work performed through the end of 2022 are reasonable and consistent with our prior determinations, and will therefore be adopted. Petitioner has also requested 2023 hourly rates for attorneys performing work in this matter as follows: $436 per hour for work performed by attorney Amy Kraus – representing a rate increase of $22; and $390 per hour for work performed by attorney Brynna Gang – representing a rate increase of $40. Petitioner also requests the hourly rate of $177 for 2023 work performed by paralegal Amanda Ramos. Attachment to motion at 9-10. I find these 2023 hourly rates to be reasonable and will award the attorney's fees requested. (And all time billed to the matter was also reasonably incurred).

Furthermore, Petitioner has provided supporting documentation for all claimed costs. Attachment to motion at 21-40. Respondent offered no specific objection to the rates or amounts sought.

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Accordingly, I hereby GRANT Petitioner's Motion for attorney's fees and costs. I award a total of **$20,819.34 (representing $20,265.80 for attorney's fees and $553.54 in costs) as a lump sum in the form of a check jointly payable to Petitioner and Petitioner's counsel, Edward Kraus.**

In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk of Court shall enter judgment in accordance with this Decision.[3]

**IT IS SO ORDERED.**

s/Brian H. Corcoran<br>
Brian H. Corcoran<br>
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.